# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATIONAL FEDERATION OF FEDERAL          )
  EMPLOYEES, FD-1, IAMAW, AFL-CIO          )
1225 New York Avenue, N.W., Suite 450          )
Washington, D.C. 20005          )
                                      )
          and          )
                                        )
NATIONAL ASSOCIATION OF GOVERNMENT)
  EMPLOYEES, INC.,          )
159 Burgin Parkway          )
Quincy, MA   02169          )

                   Plaintiffs,          )
                                        )
             v.          )          Civil Action No.
                                        )
ROBERT WILKIE          )
Secretary of Veterans Affairs          )
Department of Veterans Affairs          )
810 Vermont Avenue, N.W.          )
Washington, D.C. 20420          )
(202) 273-5400          )
                                        )
Department of Veterans Affairs          )
810 Vermont Avenue, N.W.          )
Washington, D.C. 20420          )
(202) 273-5400          )
                                        )
                 Defendants.          )
_____)

## COMPLAINT FOR INJUNCTIVE
## <u>AND DECLARATORY RELIEF</u>

INTRODUCTION

Plaintiffs bring this action to hold unlawful and set aside determinations by the U.S. Department of Veterans Affairs ("VA") that, effective November 15, 2018, employees who occupy positions listed in 38 U.S.C. Section 7421(b) may not, under any circumstances, perform union representational activities while on "official time," notwithstanding that, *inter alia,* 5 U.S.C. Section 7131 specifically guarantees employees the right to engage in such union representational activities while on official time.

Further, Plaintiffs bring this action to declare that the Defendants, by discriminatorily seeking to prohibit the use of official time by some VA employees, and repudiating official time in the parties' current collective bargaining agreement, have violated the First Amendment of the United States Constitution.

Plaintiffs are the National Federation of Federal Employees, FD-1, IAMAW, AFL-CIO ("NFFE") and the National Association of Government Employees, Inc. ("NAGE").  The VA issued separate copies of these determinations, which it entitled in each case "Notice of Repudiation" (hereinafter referred to collectively as the "Official Time Determination") to each plaintiff union dated November 7, 2018.   True and accurate copies of the Official Time Determination received by each plaintiff are attached to this complaint as Exhibits 1 and 2.

The Official Time Determination is contrary to 38 U.S.C. Section 7422 and to the Federal Service Labor Management Relations Statute, 5 U.S.C. § 7101, et seq. (hereinafter "Chapter 71"). Chapter 71 establishes a comprehensive labor relations scheme for federal sector employees and their unions. *See*, *e.g.*, *AFGE, et al. v. Trump, et al.*, 318 F. Supp.3d 370 (D.D.C. 2018). As part of this scheme, 5 U.S.C. Section 7131 specifically authorizes federal employees to receive official

time for work performed by unions in support of bargaining unit employees. Plaintiff unions are certified as the exclusive representative of bargaining unit employees at their workplace.

Section 7422 of Title 38 ("Section 7422") creates a narrow exception for certain VA positions listed in Section 7421 ("Title 38 employees").  Section 7422 allows the Secretary of the VA to prescribe by regulation the hours and conditions of employment for Title 38 employees and to remove certain matters relating to Title 38 employees from collective bargaining in three delineated instances: (1) professional conduct or competence, (2) peer review, and (3) the establishment, determination, or adjustment of employee compensation.  38 U.S.C. Section 7422(b).  But outside of these three discrete instances, the Secretary's authority to prescribe regulations regarding Title 38 employees is subject to the right of Federal employees to engage in collective bargaining pursuant to Chapter 71.  38 U.S.C. Section 7422(a).  *See AFGE, et al. v. Trump, et al.,* 318 F. Supp. at 434 ("Congress enacted [Chapter 71] to protect and preserve collective bargaining rights, not to destroy them. . . Quite frankly, it is hard to even *imagine* a rational statutory exception that is *intentionally* designed to swallow the rule.")

Defendants are further violating the First Amendment of the United States Constitution by impermissibly infringing on the right to freely associate, by discriminatorily eliminating all Official Time for Title 38 VA medical employees, but not VA medical employees covered by Title V or VA medical employees considered to be Title 5/38 "hybrid" employees.

The Official Time Determination is unsupported and unsupportable.  The use of official time by Title 38 employees does not fall under the statutory exemption from collective bargaining for professional conduct and competence contained in 38 U.S.C. Section 7422.  Plaintiffs therefore seek a judgment declaring that the Official Time Determination is invalid and setting it aside

3

pursuant to 5 U.S.C. 706(2)(A) and (C) because it is arbitrary and capricious, an abuse of discretion and contrary to law and exceeds the VA Secretary's authority under 38 U.S.C. Section 7422.

## I.      JURISDICTION

1.      This court has jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2202; 38 U.S.C. § 7422(b) and (d); and 5 U.S.C. § 701 *et seq.*; *see AFGE Local 446 v. Nicholson*, 475 F.3d 341, 347-350 (D.C. Cir. 2007).

## II.   VENUE

2.      Venue lies in this court under 28 U.S.C. § 1391(e)(1) and (2).

## III.   PARTIES

3.   Plaintiff NFFE is an unincorporated association with its principal place of business at 1225 New York Ave., N.W., Suite 450, Washington, D.C. 20005.  NFFE is affiliated with its parent organization, the International Association of Machinists and Aerospace Workers.

4.   NFFE is certified as the exclusive bargaining representative of approximately 110,000 federal employees, including Title 38 employees of the VA.   As the exclusive representative of these employees, NFFE advances the social and economic welfare and education of federal employees by representing their interests through collective bargaining, filing and arbitrating grievances to uphold the provisions in such agreements, filing complaints with administrative agencies, lobbying Congress for legislative action, and promoting labor-management partnerships in agency decision-making.

5.   Plaintiff NAGE is a national labor organization and is affiliated with the Service Employees International Union.  NAGE in incorporated in the state of Delaware with its place of business at 159 Thomas Burgin Parkway Quincy, MA  02169.

6.   NAGE and its local units are the certified exclusive bargaining representative of approximately 110,000 employees, including nearly 75,000 federal employees.

7.   NAGE and its locals are the certified exclusive representative, under 5. U.S.C. § 7111, of employees at the VA.

8.   NAGE is an exclusive representative of a consolidated unit in the VA which includes Title 38 employees.

5

9.  Defendant Robert Wilkie is the Secretary of the U.S. Department of Veterans Affairs.  He is sued solely in his official capacity.

10. The U.S. Department of Veterans Affairs is a federal agency whose headquarters are located at 810 Vermont Avenue N.W. Washington, D.C.

IV.    <u>FACTS</u>

**The Federal Service Labor-Management Relations Statute (Chapter 71)**

11. In 1978, the Civil Service Reform Act ("CSRA") reformed the civil service of the United States federal government.  The CSRA was comprehensive and addressed nearly all aspects of employment with the federal government.

12. Prior to the CSRA, federal employees' right to form a union and bargain collectively was codified via a number of executive orders spanning the course of nearly two decades.

13. The CSRA also included the Federal Service Labor-Management Relations Statute, 5 U.S.C. Chapter 71 ("Chapter 71"). Chapter 71 reaffirmed the rights of federal employees to form unions, and the rights of those unions to bargain collectively over conditions of employment. 5 U.S.C. § 7101(a)(1).

14. Congress' intent in passing Chapter 71 was to strengthen and promote collective bargaining in the federal sector. *See* 124 Cong. Rec. 25613 (1978).

15. To this day, Chapter 71 governs labor relations in the federal civilian workplace.

16. When enacting Chapter 71, Congress explicitly found that labor organizations and collective bargaining are in the public interest. 5 U.S.C. § 7101(a).

17. 5 U.S.C. § 7102, as part of Chapter 71, protects the right of employees to form, join, or assist any labor organization freely and without fear of penalty or reprisal.

18. 5 U.S.C. § 7131(a) provides that employees representing an exclusive representative shall be authorized official time to negotiate a collective bargaining agreement.

19. 5 U.S.C. § 7131(c) provides that the Federal Labor Relations Authority shall determine,

except as provided in § 7131(a), whether employees are entitled to official time in any phase of proceedings before the Authority.

20. 5 U.S.C. § 7131(d) provides that "any employee representing an exclusive representative," or "in connection with any other matter covered by this chapter, any employee in an appropriate unit represented by an exclusive representative, shall be granted official time in any amount the agency and the exclusive representative involved agree to be reasonable, necessary, and in the public interest."

**38 U.S.C. Sections 7421 and 7422**

21. 38 U.S.C. Section 7421 provides that the Secretary of the VA "shall prescribe by regulation the hours and conditions of employment and leaves of absence of employees listed in 38 U.S.C. Section 7421(b)."

22. 38 U.S.C. § 7421(b) refers to the following Title 38 positions: Physicians, Dentists, Podiatrists, Optometrists, Registered Nurses, Physician Assistants, Expanded-Duty Dental Auxiliaries, and Chiropractors.

23. 38 U.S.C. Section 7422(a) provides "Except as otherwise specifically provided in this title, the authority of the Secretary to prescribe regulations under section 7421 of this title is subject to the right of Federal employees to engage in collective bargaining with respect to conditions of employment through representatives chosen by them in accordance with chapter 71 of title 5 (relating to labor-management relations)."

24. 38 U.S.C. § 7422(b) provides: "Such collective bargaining . . . in the case of employees described in section 7421(b) of this title may not cover, or have any applicability to, any matter or question concerning or arising out of (1) professional conduct or competence,

(2) peer review, or (3) the establishment, determination, or adjustment of employee compensation under this title."

25. 38 U.S.C. § 7422(c) provides: "For purposes of this section, the term 'professional conduct or competence' means any of the following: (1) Direct patient care. (2) Clinical competence."

26. 38 U.S.C. § 7422(d), provides that "an issue of whether a matter or question concerns or arises out of (1) professional conduct or competence, . . . shall be decided by the Secretary and is not itself subject to collective bargaining and may not be reviewed by any other agency."

27. The VA employs federal workers who are not Title 38 employees. There are several differences between Title 38 and Title 5 employees with respect to advancement, performance appraisal, and appeal process. Further, the VA employs workers who are "hybrids" between Title 38 and Title 5.

28. Title 5 employees are governed by the same general rules that most other federal workers are, regardless of the agency for which they work. They are non-medical employees of the VA.

29. Hybrid employees were brought into the Title 38 system much later than the original occupations and are subjected to a different set of rules. When the first Hybrid occupations were established, they included licensed practical nurse, physical therapist, respiratory therapist, and board-certified clinical and counseling psychologists. Over the years, new laws authorized the conversion of additional occupations from Title 5.

30. Currently positions within the VA such as Audiologist, Biomedical Engineer, Occupational Therapists, Pharmacists, Licensed Practical Nurses, and Dietitians are considered to be Hybrids and therefore subject to some of the provisions governing Title 38, but not all.

**31.** Hybrids are covered by Title 38 for appointment, advancement, and certain pay matters, and Title 5 for performance appraisal, leave, hours of duty, adverse actions, probationary period, reemployment rights, reduction-in-force, and retirement rules (with an exception for part-time service).

**The VA/NFFE Master Agreement**

32. The VA and NFFE executed a national collective bargaining agreement on June 6, 2011 (hereinafter "VA/NFFE Master Agreement").

33. Eric K. Shinseki, then Secretary of the U.S. Department of Veterans Affairs, approved the VA/NFFE Master Agreement, including those articles governing the use of official time under 5 U.S.C. § 7131.

34. The Duration of Agreement provision stated that the VA/NFFE Master Agreement would be implemented and become effective after it had been approved, ratified, signed by the Parties, and subjected to Agency head review pursuant to 5 U.S.C. § 7114(c).

35. The VA/NFFE Master Agreement remains in effect.

36. The VA/NFFE Master Agreement covers all VA employees represented by NFFE, including Title 5, Title 38 and Hybrid employees.

37. The VA and NFFE are in bargaining over a successor agreement to the VA/NFFE Master Agreement, pursuant to the terms of a private settlement agreement between the parties reached on or about January 31, 2018.

38. Article 2 of the VA/NFFE Master Agreement provides, among other things, that NFFE has the exclusive right to represent employees in presenting grievances (Art. 2, Sec. 1(C)); the Union has the right to attend all discussions between the Employer and employee(s) conducted to resolve grievances (Sec. 1(D); the Union will be given the opportunity to represent employees at formal meetings (Sec 2(A)); and establishes the right for Union representatives to hold and attend meetings with the Agency and among themselves (Art. 2, Sec. 5). Art. 2, Sec. 3.

39. Article 2, Section 8 of the VA/NFFE Master Agreement sets forth agreed-upon amounts of official time for Union officials designated at the national and district levels. Article 2, Section 8 details official time that is automatically granted to certain NFFE officers and locals, so that they need not request official time for each pay periods where they work to represent NFFE bargaining unit members. Article 2 establishes that certain NFFE officers are granted official time as a set percentage of their work week. For example, the NFFE VA Council President is on 100% official time, whereas NFFE Council Vice Presidents are on 20% official time. Art. 2, Sec. 8.

40. Article 2, Sec. 8 is the main grant of official time to NFFE officers under 5 U.S.C. §7131 (d); however, official time appears, incidentally, elsewhere throughout the CBA. See, for example, Art. 10, Sec. 5 ("All partnership activities and preparation will be conducted on official time.").

41. Pursuant to the VA/NFFE Master Agreement, other collectively bargained agreements between NFFE and/or its affiliated councils and locals and the VA, and past practice, Title 38 employees in the NFFE/VA bargaining unit are granted official time.

**The VA/NAGE Master Agreement**

42. The VA and NAGE executed a national collective bargaining agreement on September 27, 2016 (hereinafter "VA/NAGE Master Agreement").

43. Robert A. McDonald, then Secretary of the U.S. Department of Veterans Affairs, approved the VA/NAGE Master Agreement, including those articles governing the use of official time under 5 U.S.C. § 7131.

44. The Duration of Agreement provision stated that the VA/NAGE Master Agreement would be implemented and become effective after it had been approved, ratified, signed by the Parties, and subjected to Agency head review pursuant to 5 U.S.C. § 7114(c).

45. The VA/NAGE Master Agreement remains in effect through September 30, 2019, at which point it will automatically be renewed for a period of three (3) years, or, if either party choses to open the contract for renegotiations, remain in full force and effect during the renegotiation of the VA/NAGE Master Agreement.

46. Article 6, Section 1(D) of the VA/NAGE Master Agreement states, "Consistent with the requirements of this Article, should the Union exhausts [sic] its allocations of official time in Sections 2 and 3 below, any additional requested time will be provided consistent with 5 USC 7131."

47. Article 6 Section 2 of the VA/NAGE Master Agreement sets forth agreed-upon amounts of official time for Union officials designated at the national level.

48. Article 6, Section 3 of the VA/NAGE Master Agreement sets forth agree-upon amounts of official time for Union officials designated at the local level.

49. Article 6, Section 4 of the VA/NAGE Master Agreement sets forth the activities official time may be used for.

50. Pursuant to the VA/NAGE Master Agreement, other collectively bargained agreements between NAGE and/or its locals and the VA, and past practice, Title 38 employees in the NAGE/VA bargaining unit are granted official time just as Title 5 and Hybrids are.

**The Official Time Determination as to NFFE**

51. On November 7, 2018, Jacquelyn Hayes-Byrd, Acting Assistant Secretary for Human Resources and Administration of the VA, issued the Official Time Determination at issue in this case.

52. The Official Time Determination stated that, "pursuant to 38 U.S.C. § 7422, employees described in 38 U.S.C. § 7421(b) ("Title 38 employees") may no longer utilize official time because the use of official time by Title 38 employees negatively impacts direct patient care."

53. The VA/NFFE Master Agreement Official Time Determination stated that "[t]he official time exclusion applies to all Title 38 employee official time provisions found in the VA/NFFE Master Agreement, as well as any Memorandum of Understanding ("MOU"), past practices, supplemental agreements, and collectively bargained agreements with NFFE that are currently in effect."

54. The Official Time Determination listed the following articles of the VA/NFFE Master Agreement as containing provisions that reference official time and were therefore impacted by the Official Time Determination:

The impacted VNNFFE Master Agreement articles include:

1. Article 2 - Union Rights and Representation

   • Section 2

13

- Section 3

- Section 5

- Section 8

- Section 9

- Section 11

- Section 12

2. Article 10 - Partnership/Collaborative Relationships

- Section 5

3. Article 21 - Safety and Health

- Section 3

- Section 4

4. Article 22 - Leave

- Section 7 - Leave Without Pay

5. Article 26 - Disciplinary Actions, Adverse Actions and Major Adverse Actions

- Section 5 – Procedures

6. Article 27: Employee Assistance Program

- Section 1 - Policy

- Section 6

7. Article 37: Labor Management Relations Training

- Section 1

8. Article 41 : Childcare

- Section 9

9. Article 43: Alternate Dispute Resolution (ADR)

• Section 3

55. The Official Time Determination stated, "Beginning on November 15, 2018, the Department will no longer comply with the official time provisions for Title 38 employees contained in the VA/NFFE Master Agreement, any MOUs, past practices, supplemental agreements, and any other collectively bargained agreements currently in effect."

56. The Official Time Determination did not claim any effect on Title 5 or Hybrid employees.

57. The Official Time Determination did not contain analysis or discussion of the agreement articles that it purported to invalidate nor did it contain analysis or discussion of three exceptions set forth in 38 U.S.C. § 7422(b).

**The Official Time Determination As to NAGE**

58. On November 7, 2018, Jacquelyn Hayes-Byrd, Acting Assistant Secretary for Human Resources and Administration of the VA, issued the Official Time Determination at issue in this case.

59. The Official Time Determination stated that, "pursuant to 38 U.S.C. § 7422, employees described in 38 U.S.C. § 7421(b) ("Title 38 employees") may no longer utilize official time because the use of official time by Title 38 employees negatively impacts direct patient care."

60. Identically to the VA/AFGE Official Time Determination and the VA/NFFE Master Agreement Official Time Determination, the VA/NAGE Master Agreement Official Time Determination stated that "[t]he official time exclusion applies to all Title 38 employee official time provisions found in the VA/NAGE Master Agreement, as well as any

Memorandum of Understanding ("MOU"), past practices, supplemental agreements, and collectively bargained agreements with NAGE that are currently in effect."

61. The Official Time Determination listed the following articles of the VA/NAGE Master Agreement as containing provisions that reference official time and were therefore impacted by the Official Time Determination:

Article 5: Union rights Responsibilities

    Section 8 – New Employee Orientation;

Article 6: Official Time

    Section 1 – General,

    Section 2- National Union Representatives,

    Section 3- Local Union Representatives,

    Section 4- Official Time Usage,

    Section 5 – Labor Management Forums and Official Time,

    Section 6 – Performance Evaluation,

    Section 7 – Return to Duty of 100% Union Representative;

Article 10: Labor Management Training

    Section 1- Union Sponsored or Requested Labor Management Relations (LMR) Training,

    Section 4 – Joint Master Agreement Training,

    Section 5 – Joint 3rd Party Sponsored Training;

Article 11: Labor Management Cooperation

    Section 7 – Use of Time;

Article 12: Labor Management Relations Meeting;

Article 13: National Consultation Rights and Mid-Term Bargaining,

      Part A- Section 3- Official Time,

      Part B – Section 2 General;

Article 19: Official Travel

      Section 5 – Transportation, Travel and Per Diem,

      Section 10 – Local Travel;

Article 22: Performance Appraisal

      Section 8 – Performance Appraisal for Union Officials;

Article 27: Upward Mobility

      Section 3 Administrative Investigation Training;

Article 38: Official Records

      Section 2- Access to Records;

Article 40: Grievance Procedure

      Section 7 – Informal Resolution;

Article 42: Equal Employment Opportunity (EEO)

      Section 7 – Special Emphasis Program Coordinator/EEO Advisory Committee;

Article 44: Safety, Health and Environment

      Section 2 – Union Participation,

      Section 32- Ergonomic Lifting;

Article 47: VA Drug Free Workplace Program

      Section 13 – Union Rights;

Article 52: Child and Other Dependent Care

      Section 3 – Local Child Care Committees;

Article 58: Wage Surveys

     Section 2 – Membership Survey Teams;

Article 69: Title 38 Professional Standards Boards (PSBs)

     Section 2 – Representation.


## COUNT I

**Violations of the Administrative Procedure Act, 5 U.S.C. § 706(2)**

62. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 61.

63. The use of official time by Title 38 employees does not concern professional conduct or competence within the meaning of 38 U.S.C. § 7422(b) or Section 7422(d).

64. The use of official time by Title 38 employees does not concern direct patient care within the meaning of within the meaning of 38 U.S.C. § 7422(b), Section 7422(c) or Section 7422(d).

65. By issuing the Official Time Determination that applied the 38 U.S.C § 7422(b) exclusion to situations that do not pertain to professional conduct or competence within the meaning of 38 U.S.C. § 7422(b), the VA Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and (d).

66. By the conduct set forth herein, the VA Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

67. By the conduct set forth herein, the Official Time Determination is arbitrary, capricious in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

68. By the conduct set forth herein, the Official Time Determination is an abuse of discretion in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

69. By the conduct set forth herein, the Official Time Determination is not in accordance with law in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

70. By the conduct set forth herein, the Official Time Determination is contrary to constitutional rights, powers, privileges, and/or immunities of Title 38 employees in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(B).

## COUNT II

**Violation of the First Amendment of the United States Constitution**

71. Paragraphs 1 through 70 are hereby incorporated by reference.

72. Defendants' repudiation of its collectively bargained agreements as to all provisions related to the use of Official Time for Title 38 employees restrains and retaliates against Plaintiffs members rights to freely associate under the First Amendment. U.S. Const. amend I.

73. Defendants' repudiation of its collectively bargained agreements illegally and irrationally discriminates against the First Amendment rights of Title 38 employees as compared to their Hybrid and Title 5 peers.

74. Defendants' actions are not content neutral, and do not achieve any compelling state interest. In fact, Defendants' actions are precisely contrary to the stated interest of Chapter 71, which allows for Title 38 employees to participate in union activities with Official Time.

RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1.  Hold unlawful and set aside the Official Time Determination because its holding that the use of official time by Title 38 employees as provided in the VA/NFFE Master Agreement and the VA/NAGE Master Agreement concerned professional conduct or competence exceeded the Secretary's statutory authority;

2.  Hold unlawful and set aside the Official Time Determination because its holding that the use of official time by Title 38 employees as provided in the VA/NFFE Master Agreement and the VA/NAGE Master Agreement concerned professional conduct or competence is arbitrary and capricious and an abuse of discretion;

3.  Hold unlawful and set aside the Official Time Determination because its holding that the use of official time by Title 38 employees as provided in the VA/NFFE Master Agreement and the VA/NAGE Master Agreement concerned professional conduct or competence is not in accordance with law;

4.  Hold unlawful and set aside the Official Time Determination because it is contrary to the constitutional rights, power, privileges, and immunities of Title 38 Employees, in violation of the APA;

5.  Hold unlawful and set aside the Official Time Determination because it a violation of the rights of Title 38 Employees enshrined by the First Amendment to the U.S. Constitution;

6.  Order the Defendant to comply with the VA/NFFE Master Agreement and VA/NAGE Master Agreement regarding official time for Title 38 employees;

7.  Order the Defendants to return to the status quo ante: and

8.  Grant any other relief which the Court deems proper.

Respectfully submitted,

/s/ Jefferson D. Friday
 Jefferson D. Friday
 General Counsel
 D.C. Bar No. 358253

/s/ Renee L. Mantone
Renee L. Mantone
Assistant General Counsel
D.C. Bar No. 1045053

/s/ Suzanne Summerlin
Suzanne Summerlin*
Assistant General Counsel
D.C. Bar No. 1044859
* Lead Counsel

National Federation of Federal Employees,
FD-1, IAMAW, AFL-CIO
1225 New York Avenue, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 216-4420
Fax:      (202) 898-1861
Email: jfriday@nffe.org
Email: rcatalano@nffe.org
Email: ssummerlin@nffe.org

Attorneys for Plaintiff NFFE

/s/ Sarah E. Suszczyk
Sarah E. Suszczyk (*pro hac vice* application
pending)
Deputy General Counsel
*Lead Counsel

National Association of Government
Employees, Inc.
1020 North Fairfax
Suite 200
Alexandria, VA 22314

Telephone: 703-519-0300
Facsimile: 703-519-0311
Email: ssuszczyk@nage.org

/s/ Robert J. Shore
Robert J. Shore
Assistant General Counsel
D.C. Bar No.  999552
National Association of Government
Employees, Inc.
1020 North Fairfax
Suite 200
Alexandria, VA 22314
Telephone: 703-519-0300
Facsimile: 703-519-0311

Attorneys for Plaintiff NAGE